[Crim. No. 4007.   First Dist., Div. Two.   Nov. 19, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. GLENN E. "JIM" REED, Defendant and Appellant.

Glenn E. Reed, in pro. per., for Defendant and Appellant.

No appearance for Respondent.

KAUFMAN, P. J.—Appellant, Glenn E. "Jim" Reed, and his codefendant, Marie W. Thompson, were charged by an indictment in 43 counts with numerous violations of section 484 of the Penal Code [grand theft], of section 26104, sub· division (a) of the Corporations Code [selling securities without a permit], and section 182 of the Penal Code [conspiracy]. The jury found the appellant not guilty on all of the counts of violating section 26104, subdivision (a) of the Corporations Code, guilty on all but two of the counts of grand theft, and guilty on the count of the conspiracy to commit grand theft, conspiracy to violate the Corporate Securities Law, and conspiracy to violate the Corporations Code section 26104, subdivision (a). The trial court granted the motion for a new trial on three of the grand theft counts on grounds of insufficiency of the evidence, and denied the motion for a new trial as to the remaining counts.

On the appeal from the judgment entered on the verdict and the order denying the motion for a new trial, this court appointed counsel, who researched the case, and could find no grounds for appeal. Thereafter, on April 24, 1962, appellant was given an additional thirty days to file an opening brief. No briefs were filed.

We have carefully scrutinized the record in this case and have concluded that it contains no grounds showing reversible error and no basis for the appointment of further counsel. At the trial, the appellant admitted his participation in the organization of Unitec Engineering Company, Inc. and its predecessors, as well as management of the corporation and knowledge of the distressed financial state of Unitec. The uncontroverted evidence indicated that all the shares of Unitec were sold to the victims by the codefendant, Mrs. Thompson, for $101,345.69. Of this amount, over $44,000 was advanced to the appellant and over $36,000 could not be accounted for. Appellant's chief defense was that he was doing his best to get the corporation on its feet and that he properly commingled his personal and corporate funds, as he had spent

personal funds for the benefit of the corporation. The jury rejected this defense and substantial evidence supports their rejection. As above stated, our own examination also led to the conclusion that there were no grounds for appeal.

Judgment of conviction and the order[1] denying the motion for new trial are affirmed.

Shoemaker, J., and Agee, J., concurred.

---

[1]The notice of appeal was filed on May 12, 1961.